IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

    **Plaintiff,**

    v.                                                        CASE NO. 21-3197-SAC

SAMUEL ROGERS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Anthony Thompson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $90.00, calculated under 28 U.S.C. § 1915(b)(1). The Order provides that the deadline for submitting the initial partial fee is September 14, 2021. Plaintiff has filed a request for an extension of time to submit the initial fee (Doc. 6). Plaintiff indicates that he has submitted paperwork to the facility to release the funds. For good cause shown, the Court grants the extension.

Plaintiff alleges in his Complaint that beginning in December of 2020, the administration at CoreCivic implemented policies: 1) enabling Defendants to tear gas Plaintiff without cause; 2) allowing legal materials to be taken from detainees and inspected outside of their presence; and 3) causing inmates to police other inmates. Plaintiff claims that on August 4, 2020, there was an

incident at the facility where a few inmates caused a disturbance and as a result officers administered tear gas to the entire area without warning, thus subjecting all the inmates to the tear gas. Plaintiff sets forth additional incidents where his entire unit was punished by being placed on lockdown and denied privileges due to misconduct by one or more inmates. Plaintiff claims that this was done pursuant to a new policy and that it has caused inmates to police one another.

Plaintiff also claims that Defendants are failing to provide Plaintiff with adequate food containing the proper nutrients and calories. Plaintiff also alleges that Defendants have punished him based on his class within the facility. Plaintiff also alleges a denial of court access. (Doc. 1, at 6.) Plaintiff claims that SORT officers entered his cell and took all of his legal mail, including correspondence from his appellate and civil attorney. *Id*. Plaintiff claims that he is now missing important information from his civil attorney, which he needed for an upcoming deadline. Plaintiff also raises a Sixth Amendment claim, alleging that the officers took privileged communications between Plaintiff and his lawyer outside of Plaintiff's presence for two to three days before returning them.

Plaintiff names as Defendants: Samuel Roger, Warden at CoreCivic; (fnu) Roemich, Assistant Warden at CoreCivic; (fnu) Spellman; Chief of Security at CoreCivic; (fnu) Niecko, Assistant Chief of Security at CoreCivic; (fnu) Mackey, Assistant Warden at CoreCivic; and (fnu) Harlty, Trinity Food Services. Plaintiff seeks injunctive relief and "$100,000 in punitive, compensatory, and nominal damages for psychological harm." (Doc. 1, at 7); *see also* Doc. 1, at 19 (stating that he is seeking $5,000,000 in damages).

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

**A. Plaintiff's Claims Under 42 U.S.C. § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted).

CoreCivic is a private corporation. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The requirement is satisfied if two conditions are met. First, the deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff alleges no facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that the Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

**B. Claim Under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)**

The Supreme Court recognized in *Bivens* an implied damages action to compensate persons

injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (stating that the *Bivens* remedy has never been considered a proper vehicle for altering an entity's policy). Regarding its decision in *Bivens*, the Supreme Court stated in *Ziglar* that:

> In the decade that followed, the Court recognized what has come to be called an implied cause of action in two cases involving other constitutional violations. In *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.,* at 248–249, 99 S. Ct. 2264. And in *Carlson v. Green,* 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment. See *id.,* at 19, 100 S. Ct. 1468. These three cases—*Bivens, Davis,* and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself.

*Zigler*, 137 S. Ct. at 1854–55. The Supreme Court stated that it "has made it clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id*. at 1857 (citation omitted).

The Supreme Court noted that it has declined to create an implied damages remedy in a First Amendment suit against a federal employer. *Id*. (citing *Bush v. Lucas,* 462 U.S. 367, 390, 103 S. Ct. 2404, 76 L.Ed.2d 648 (1983)); *see also Pahls v. Thomas*, 718 F.3d 1210, n.6 (10th Cir. 2013) (noting that the Supreme Court "has never held that a *Bivens* action is available against federal officials for a claim based upon the First Amendment") (citing *Iqbal,* 556 U.S. at 675, 129 S. Ct. 1937 ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment." (citation omitted)); *see also Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012) ("We have never held that *Bivens* extends to First Amendment claims.").

6

In addition, the Supreme Court has not expressly extended *Bivens* liability to Sixth Amendment claims.  "[O]ther courts have expressed doubt over whether an alleged violation of the Sixth Amendment is cognizable under *Bivens*."  *Montgomery v. Ferentino*, No. 20-3114, 2021 WL 3204843, at *2 (6th Cir. Feb. 24, 2021) (refusing to extent *Bivens* remedy and finding that Sixth Amendment claim did not fall within any of the existing contexts for which the Supreme Court has implied a *Bivens* remedy and plaintiff failed to provide any authority supporting an extension of *Bivens* remedy) (citing *see, e.g., Sharratt v. Murtha*, 437 F. App'x 167, 170 (3d Cir. 2011); *Reyes v. Sedillo*, 222 F. App'x 753, 754 n.2 (10th Cir. 2007); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66–68 (2001)); *see also Petrunak v. Krofta*, ___ F. App'x ___, 2021 WL 2226369, at *2 (7th Cir. June 2, 2021) (stating that the Supreme Court has not yet declared Sixth Amendment violations actionable under *Bivens*) (citation omitted); *Cohen v. Busch*, No. 08-cv-02188-LTB-CBS, 2010 WL 2593937, at *9 (D. Colo. May 10, 2010) (citing *Malesko*, 534 U.S. at 66–68 (2001) (explaining that Supreme Court has recognized *Bivens* causes of action only in Fourth, Fifth, and Eighth Amendment cases and declining to extend *Bivens* "into any new context")).

Although the Supreme Court has recognized a remedy under *Bivens* for Eighth Amendment violations, Plaintiff is unable to assert a *Bivens* claim against the Defendants in this case.  The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights.  *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Malesko*, 534 U.S. at 71–73 (holding that *Bivens* action does not lie against

7

a private corporation operating a halfway house under contract with the Bureau of Prisons). In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. Defendants are private employees of a private corporation. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id*. at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id*. at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id*. at 130. In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*,

9

No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (D. Kan. 2016) (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim).  In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)).  Because Plaintiff has an alternative cause of action against Defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court.  Plaintiff's claims are subject to dismissal.

### C.  No Physical Injury

Plaintiff's request for compensatory damages for "psychological harm" is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

### IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for extension of time (Doc. 6) is **granted**. The deadline for Plaintiff to submit his initial partial filing fee is extended to **October 15, 2021.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 15, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated September 17, 2021, in Topeka, Kansas.

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**