IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

    **Plaintiff,**

    v.                                    CASE NO. 21-3197-SAC

SAMUEL ROGERS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony Thompson is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why various claims in his Amended Complaint should not be dismissed. The Court is also ordering officials responsible for the operation of CoreCivic, in cooperation with the United States Marshals Service ("USMS"), to submit a limited *Martinez* Report.

**1. Nature of the Matter before the Court**

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff is currently incarcerated at USP Leavenworth in Leavenworth, Kansas ("USPL"). On September 17, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Request for Leave to Amend (Doc. 9), seeking to file his amended complaint. The Court will grant the request and Doc. 9 shall be considered as Plaintiff's Amended Complaint.

The Court will now screen Plaintiff's Amended Complaint. The Court's screening standards and the underlying factual allegations are set forth in the Court's MOSC.

## II. Discussion

### 1. CoreCivic Defendants

The Court found in the MOSC that Plaintiff failed to state a claim under 42 U.S.C. § 1983 because he failed to allege any facts to support an inference that any of the Defendants were acting under state law or in conspiracy with any state official. The Court also found that there was no implied damages remedy under *Bivens* for some of Plaintiff's claims, and Plaintiff could not assert his Eighth Amendment *Bivens* claim against the CoreCivic defendants. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons).

Plaintiff's Amended Complaint continues to name the CoreCivic employees as defendants. Plaintiff argues that the CoreCivic employees should be considered federal employees, citing FTCA cases. (Doc. 10, at 1–2.) The Court's MOSC sets forth why CoreCivic employees are considered private employees of a private corporation. The Supreme Court has rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *See Minneci*, 565 U.S. at 126–27. The Court also sets

forth below why his claims are not properly brought under the FTCA. Plaintiff should show good cause why his claims against the CoreCivic defendants should not be dismissed.

## 2. Injunctive Relief

Plaintiff requests injunctive relief in his Amended Complaint. Because Plaintiff is no longer confined at CoreCivic, his request for injunctive relief is moot. Plaintiff is currently incarcerated at USPL. Because Plaintiff's request relates solely to conditions at CoreCivic, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive

3

relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer confined at CoreCivic, his claims for injunctive relief are moot and subject to dismissal. Plaintiff should show good cause why his request for injunctive relief should not be denied.

### 3. Claims Against Federal Officials and the United States

Plaintiff adds the following defendants in his Amended Complaint: the United States of America; Ron Miller, USMS; and Mr. Burgss, onsite United States Marshal at CoreCivic. Plaintiff alleges that Ron Miller is being sued in his individual capacity pursuant to *Bivens* and in his official capacity pursuant to 28 U.S.C. § 2671. He asserts that the United States is being sued under 28 U.S.C. § 2671; and Mr. Burggs is being sued in his individual capacity under *Bivens*. Plaintiff should show good cause why his claims against the United States and against Ron Miller in his official capacity should not be dismissed.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper

4

defendant in an FTCA action." *Smith*, 561 F.3d at 1099 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see Hui v. Castaneda*, 559 U.S. 799, 801 (2010) (the FTCA "generally authorizes substitution of the United States as the defendant."). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994). Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id*. at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency."

5

28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id*. (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.") (citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).

Plaintiff has not alleged facts establishing that he exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action. Because this Court cannot exercise jurisdiction over an administratively unexhausted claim, Plaintiff should show good cause why his FTCA claim should not be dismissed under Fed. R. Civ. P. 12(b)(1).

Likewise, any official capacity claims against federal officials are subject to dismissal. *See Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States.");

*accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)). "Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity." *Id*. (citing *Governor of Kan. v. Kempthorne,* 516 F.3d 833, 841 (10th Cir.2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir.2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.")). Plaintiff should show good cause why his official capacity claims against Ron Miller should not be dismissed.

Plaintiff also alleges that he is suing the federal officials in their individual capacities. "When public officials inflict constitutional injuries in the course of performing their duties, they may be individually liable for damages." *Watson v. Hollingsworth*, 741 F. App'x 545, 551 (10th Cir. 2018) (unpublished) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013)). "A *Bivens* action provides a 'private action for damages against federal officials alleged to have violated a citizen's constitutional rights.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L.Ed.2d 456 (2001))). However, to establish *Bivens* liability, a plaintiff "must provide evidence that an individual directly and personally participated in the purported constitutional violation." *Id*. (citing *Pahls*, 718 F.3d at 1226). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id*. (quoting *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937). To prevail on a theory of supervisory liability, a plaintiff must show: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the constitutional deprivation." *Id*. (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010)).

Plaintiff alleges that the USMS, through the onsite marshal, supervises the day-to-day operations at CoreCivic. (Doc. 9, at 3; Doc. 10, at 3.) Plaintiff alleges that the onsite marshal is at CoreCivic five days a week, supervising and approving all major policy decisions. (Doc. 9, at 3.)

The Court finds that the proper processing of Plaintiff's individual capacity claims cannot be achieved without additional information from appropriate officials of CoreCivic and the USMS. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of CoreCivic, in cooperation with the USMS, to prepare and file a limited *Martinez* Report. The report shall be limited to the issue of whether or not the USMS, through an onsite marshal or otherwise, retains control over the day-to-day operations and/or has policy making authority at CoreCivic. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

## III.  Response Required

Plaintiff is required to show good cause why his claims against the CoreCivic defendants, his claims for injunctive relief, his claims under the FTCA, and his official capacity claims, should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of these claims without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for leave to amend (Doc. 9) is **granted**. Plaintiff's submission at Doc. 9 shall be considered as Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 3, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's claims against CoreCivic employees, his claims for injunctive relief, his FTCA claims, and his official capacity claims, should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that**:**

(1) Officials responsible for the operation of CoreCivic, in cooperation with the USMS, are directed to undertake a review Plaintiff's individual capacity claims against the federal officials:

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the claims; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the claims and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The officials must seek leave of the Court if they wish to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3) Authorization is granted to the CoreCivic/USMS officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(4) No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the CoreCivic Warden as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Warden may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the CoreCivic Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED**.

Dated November 5, 2021, in Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>SENIOR U. S. DISTRICT JUDGE