IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY THOMPSON,**

    **Plaintiff,**

    v.                                                              **CASE NO. 21-3197-SAC**

**SAMUEL ROGERS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff proceeds *pro se* and *in forma pauperis* in this civil rights case. At the time of filing, Plaintiff was housed at CoreCivic Leavenworth Detention Center in Leavenworth, Kansas ("CoreCivic"). Plaintiff has since been released from custody.

On November 5, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 11) ("MOSC II"), granting Plaintiff until December 3, 2021, in which to show good cause why his claims against the CoreCivic defendants, his claims for injunctive relief, his claims under the FTCA, and his official capacity claims, should not be dismissed for the reasons stated in the MOSC II. Plaintiff failed to respond by the deadline, and on December 6, 2021, the Court entered a Memorandum and Order (Doc. 18) dismissing those claims. Plaintiff subsequently asked for an extension of time to respond to the MOSC II, the Court granted the request, and Plaintiff failed to respond by the new deadline. Therefore, the Court found that its Memorandum and Order at Doc. 18 remains in effect. (Doc. 26.) The only remaining claims are Plaintiff's individual capacity claims against Mr. Burgss, the On-Site Marshal, and Ron Miller, United States Marshals Service ("USMS").

The MOSC II also directed the officials responsible for the operation of CoreCivic, in cooperation with the USMS, to submit a *Martinez* Report regarding Plaintiff's individual capacity claims against the federal officials. The MOSC II provides that the Report shall be limited to the issue of whether or not the USMS, through an onsite marshal or otherwise, retains control over the day-to-day operations and/or has policy making authority at CoreCivic.

Plaintiff subsequently submitted a response (Doc. 29), indicating that he "agrees that the majority of the claims referenced in the district court's show cause order should be dismissed for failure to state a claim." (Doc. 29, at 1.) Plaintiff then argues that the Court should review the *Martinez* Report before determining whether the CoreCivic defendants should be dismissed. *Id*. Plaintiff argues that although the CoreCivic defendants are employed by a private corporation, they are serving as federal agents. *Id*. at 2. Plaintiff then argues that the onsite marshal supervised the day-to-day operations at CoreCivic. *Id*. at 2–3.

The *Martinez* Report has now been filed, and Plaintiff has been provided with a copy of the Report and the sealed exhibits. (Docs. 23, 28, 33.) Based on the Report, the Court entered a Memorandum and Order (Doc. 34) finding that Plaintiff's remaining claims were subject to dismissal. The Report shows that no USMS agent or employee controlled the day-to-day operations at CoreCivic or had the ability to control the development or implementation of the internal policies and procedures at CoreCivic. The Court granted Plaintiff an opportunity to respond to the Report and to show good cause why his remaining claims should not be dismissed. Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his remaining claims should not be dismissed.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 16, 2022, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**
